NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICARDO JAVIER MERCADO-
MARTINEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-53

Agency No.
A202-064-698

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2025**
Phoenix, Arizona

Before: N.R. SMITH, HURWITZ, and COLLINS, Circuit Judges.

Ricardo Javier Mercado-Martinez, a native and citizen of Mexico, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") dismissing

an appeal from an order of an Immigration Judge ("IJ") denying cancellation of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

removal. Where, as here, the BIA affirms the IJ's findings "and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review. *See Wilkinson v. Garland*, 601 U.S. 209, 212 (2024).

1. To qualify for cancellation of removal, a non-permanent-resident must establish, among other things, that "removal would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). We "review[] for substantial evidence" "whether the BIA erred in applying the exceptional and extremely unusual hardship standard to a given set of facts." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). Mercado contends that the agency erred by failing to properly assess the hardship to his U.S. citizen daughter. He contends that the agency improperly found that hardship to his daughter would be ameliorated by his reunion with his other children in Mexico and failed to consider she would lose her only biological parent. Because of this, he argues, the agency also erred in its cumulative assessment analysis.

We disagree. The BIA independently assessed the harm to each of Mercado's qualifying children, and both the BIA and IJ stated they considered the entire record or totality of the circumstances in reaching their decision. *Gonzalez-Juarez*, 137 F.4th at 1008 (noting that, although the agency "must consider all of the evidence

before it," it need not "individually identify and discuss every piece of evidence in the record") (cleaned up). The BIA and IJ expressly considered hardship to Mercado's citizen daughter, including the emotional harm of losing visits with her father, but concluded it was not exceptional or extremely unusual. They also noted that his daughter would continue living with her grandmother, her primary caregiver for years. Substantial evidence therefore supports the agency's conclusion that Mercado had not established the requisite "exceptional and extremely unusual" hardship to a qualifying relative. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (finding no "exceptional and extremely unusual" hardship when children would be separated from their father but cared for by other family members).

2. Because Mercado's cumulative assessment argument rests on the premise that the agency erred in evaluating hardship to his daughter, it also fails.

**PETITION FOR REVIEW DENIED.**